UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD HOLMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C- 14-584 NC (EDL)<br><br>NOTICE OF CONTINUANCE OF SETTLEMENT CONFERENCE AND <u>SETTLEMENT CONFERENCE ORDER</u> |

TO ALL PARTIES AND COUNSEL OF RECORD:

You are hereby notified that the conference scheduled for September 5, 2014 is continued to October 29, 2014 at 1:30 p.m. The location shall remain the same. The provisions of this Order supercede the Court's May 13, 2014 Order Setting Settlement Conference.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery informally and expeditiously.

**A.　Meet and Confer Requirement and Option to Request Pre-Settlement Conference Call with Judge Laporte**

No later than fourteen (14) calendar days before the settlement conference and prior to the preparation of their Exchanged Settlement Conference Statements and Confidential Settlement Letters, counsel for the parties must meet and confer (in person or by phone) to discuss matters pertinent to improving the prospects that the settlement negotiations will be productive. During the meet and confer, counsel may address any subjects they feel are appropriate, but they must discuss the following:

1. Who will attend the conference on behalf of each party, including counsel and identification of the person(s) with full authority to make the final decision as to whether any settlement offer is made, accepted, or rejected (e.g., the party, and another person(s) if full authority does not rest with the party).

2. Which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of any such approval process.

3. Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; and if insurance is available, the name of and position held by each claims representative who will be attending the settlement conference.

4. Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

5. Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel or the Court should be alerted to before the conference.

6. Whether a pre-settlement conference call with the attorneys and the settlement judge would help make the process more productive (e.g., by ensuring that the appropriate client representatives attend). **Counsel may arrange a pre-settlement conference call with Judge Laporte by calling Stephen Ybarra at 415-522-3694.**

**B.     Exchange of Current Settlement Demand and Response**

If there is no current settlement demand, Plaintiff must serve a demand on Defendant in writing no later than fourteen days before the conference, outlining its theories for recovery, the supporting facts, and damages. Plaintiff must include its demand in its exchanged settlement conference statement. Defendant must include its response to the demand in its exchanged settlement conference statement.

**C.     Lodged Settlement Conference Documents**

**No later than ten (10) calendar days prior to the settlement conference by 12:00 p.m.,** each party shall submit the following:

(1) an Exchanged Settlement Conference Statement; and

(2) a Confidential Settlement Letter.

**The parties shall deliver the Settlement Conference Documents directly to Chief Magistrate Judge Laporte's chambers on the 15th floor.**

### 1. Exchanged Settlement Conference Statements

Counsel **shall serve** a copy of the Settlement Conference Statement on all parties. Furthermore, counsel are **strongly encouraged** prior to the settlement conference to share with their clients the contents of the Settlement Conference Statement(s) received from opposing counsel.

The Settlement Conference Statement shall not exceed ten (10) pages of text. Parties are encouraged to include as exhibits any key documents and deposition excerpts, with highlighting as appropriate. The Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.
   b. A brief statement of the principal claims and defenses.
   c. A description of the key factual and legal issues that are in dispute and a plain and concise statement of the specific evidence relevant to their determination. Portions of any exhibits and transcripts relied upon by the parties shall be referenced and highlighted.
   d. A summary of the proceedings to date and a description of any pending motions.
   e. The bases for any damages calculations and a description of any nonmonetary relief sought or non-monetary components of settlement offers or demands.
   f. The history and current status of settlement discussions, and the party's **current** demand/offer of settlement to the opposing party(ies).
   g. For each party, a list of the names, titles, and positions of all persons who will be attending the conference.
   h. Where the party is a governmental entity, a description of which persons or entities must approve a proposed settlement agreement before it can be executed, as well as the nature and duration of that approval process.

### 2. Confidential Settlement Letters

The Confidential Settlement Letter **shall not be served** upon other parties.

The Confidential Settlement Letter shall not exceed five (5) pages of text and shall include the following:

    a.    Separately for each principal claim and defense, a candid and forthright evaluation of the strengths and weaknesses and likelihood that the party submitting the Confidential Letter will prevail. Citations to any key legal authorities relied upon by the parties as part of this evaluation shall be provided.

    b.    An estimate of the out-of-pocket expenses, attorneys' fees, and time: (a) **spent to date** and (b) **to be expended** for further discovery, pretrial, and trial. If plaintiff seeks attorneys' fees and costs, plaintiff's counsel shall be prepared at the conference to provide sufficient information to enable the fee claim to be evaluated for purposes of settlement.

    c.    A description of the principal obstacles (factual, legal, or other) to reaching a settlement agreement, and the reason the parties' assessments of the settlement value of the case differ.

    d.    A realistic settlement figure and/or terms (including any non-monetary terms) that,
given all the circumstances, the party submitting the Confidential Letter would consider seriously.

    e.    Where the party is insured or is a governmental entity, any foreseeable barriers to insurance coverage or approval of a proposed settlement, or special concerns that the insurer or governmental entity might want addressed.

    f.    A brief discussion of any of the subjects identified in Section A of this Order that might be significant in the settlement dynamic.

**D.**    **Mandatory Personal Attendance**

**Lead trial counsel** shall appear at the settlement conference with the **parties and with the person(s) having full authority** to make the final decision as to whether any settlement offer is made, accepted, or rejected (if full authority does not rest with the party). A person who needs to call another person not present before making, accepting, or rejecting any settlement offer does not have such full authority. If a party is a **governmental entity**, its governing body shall designate one

1 of its members or a senior executive to appear at the settlement conference with authority to
2 participate in the settlement conference and, if a tentative settlement agreement is reached, to
3 recommend the agreement to the governmental entity for its approval.  An **insured party** shall
4 appear with a representative of the carrier with **full authority to negotiate up to the limits of**
5 **coverage.**

6 Personal attendance is mandatory and will rarely be excused by the Court, and only upon written
7 authorization from the Court.  To seek to excuse a party from personally attending a settlement
8 conference, counsel for that party shall meet and confer with counsel for all other parties to determine
9 if there are any objections to the moving party's absence.  Counsel must then lodge a letter with the
10 Court, with copies to all parties, seeking to excuse the party's participation.  The letter shall recite the
11 compelling reasons for seeking the party's absence, as well as whether the other parties agree or object
12 to the request and the reasons for any objection.  The application to excuse a party must be lodged no
13 later than the lodging of the Settlement Conference Documents.  If the Court permits attendance by
14 telephone, the person who is excused from personally appearing must be available to participate by
15 telephone throughout the entire conference.

### E.     Duration and Content of Settlement Conference

17 It is not unusual for settlement conferences to last three (3) or more hours, or at times all day.
18 Parties and their representatives should be prepared to devote the entire day to the conference if
19 necessary. Parties are encouraged to participate in the settlement conference and frankly discuss their
20 case. Statements they make during the conference will not be admissible in the event the case does not
21 settle.  See ADR L.R. 7-5.  The parties and their representatives should be prepared to discuss such
22 issues as their settlement objectives; any impediments to settlement that they perceive; whether they
23 have enough information to discuss settlement and if not, what additional information is needed; and
24 the possibility of a creative resolution of the dispute.

### F.     Continuances

26 Any request to continue the settlement conference shall be submitted in writing as soon as
27 possible after consultation with the opposing party. **The request must demonstrate a compelling**
28 **reason for a continuance**, and state whether the opposing party(ies) agree or oppose the request.  Any
party who objects to the continuance should submit a written response within 2 business days.

Courtesy copies of any electronically filed documents must be delivered to chambers as provided in Civil Local Rule 5-1(e)(7).

The parties shall notify Chief Magistrate Judge Laporte's Courtroom Deputy, Stephen Ybarra, immediately at (415) 522-3694 if this case settles prior to the date set for settlement conference.

Any failure to comply with the requirements of this Order may subject the parties and/or counsel to sanctions.

**IT IS SO ORDERED.**

Dated: August 27, 2014

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

6