UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD HOLMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA ESPINOZA and PHILLIP FRENKEL,<br><br>　　　　Defendants. | Case No. 14-cv-00584 NC<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT OFFICERS FRENKEL AND ESPINOZA**<br><br>Re: Dkt. No. 97 |

　　　　Plaintiff James Edward Holmes alleges that San Francisco Police Officers Joshua Espinoza and Phillip Frenkel used excessive force against him while investigating a shooting on February 23, 2013.  In the operative complaint, Holmes claims that he was on his way home from work when he was approached by police officers with their guns drawn, pointed at him.  The officers ordered him to get down on the ground, placed him in handcuffs, and interrogated him about a shooting that took place earlier in the evening.  Holmes claims that this excessively forceful detention injured his knee, caused him to miss six weeks of work, and caused him to suffer emotional distress.  *See* Dkt. No. 13, Amended Complaint, filed May 13, 2014, ¶¶ 13-18.

　　　　At earlier stages of the case, Holmes asserted additional claims against the present defendants and against additional defendants.  On October 24, 2014, the Court granted Holmes' request to voluntarily dismiss defendant Officers Valentine, Kikuchi, and Leung.

Case No. 14-cv-00584 NC

Dkt. No. 77.  In a separate order that same day, the Court dismissed defendant Officers Cummins and Kuger, as they had not been served with the complaint and Holmes elected not to pursue them.  Dkt. No. 78.  Then, on October 22, 2015, Holmes stipulated to the dismissal of his claims against the City and County of San Francisco and Officer Paramjit Kaur.  Dkt. No. 96.  In the same stipulation, Holmes dropped his claims against Espinoza and Frenkel for racial profiling and unlawful detention.  *Id.*  Accordingly, Holmes' only live claim is for excessive force against Officers Espinoza and Frenkel in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

Now before the Court is a motion for summary judgment filed by Officers Espinoza and Frenkel.  Under Federal Rule of Civil Procedure 56, summary judgment is proper when the moving party establishes that there is "no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The core material facts presented by Espinoza and Frenkel are simple: neither officer saw nor interacted with Holmes at any time on February 23, 2013.  Dkt. No. 99 (Espinoza declaration); Dkt. No. 100 (Frenkel declaration).  In short, they do not dispute that other police officers detained Holmes on February 23.  But the officers who detained Holmes were Ken Kikuchi and Oscar Abucay, not Espinoza and Frenkel.  Dkt. No. 101 (Kikuchi declaration); Dkt. No. 98 (Abucay declaration).  As a result, according to the moving defendants, there is no dispute of fact that Espinoza and Frenkel did not use excessive force against Holmes and they are entitled to judgment as a matter of law.

Holmes' response concedes that summary judgment in favor of Officers Espinoza and Frenkel is appropriate.  On the last page, Holmes' brief states:

> "EXCESSIVE FORCE CLAIM PERTAINING TO DEFENDANTS ESPINOSA AND FRENKEL
>
> As to these two defendants, Plaintiff voluntarily dismisses these two individuals."

Dkt. No. 107 at 7.  Holmes' declaration submitted with the response does not create a genuine dispute of fact either.  Dkt. No. 107-1.  He declares that "defendants"

Case No. 14-cv-00584 NC                                2

1 approached him, drew their guns, pointed their guns at him, ordered him to the ground, handcuffed him, and questioned him about a shooting. But he does not introduce any evidence to contradict the defendants' assertion that the particular officers involved with him on February 23, 2013 were *not* Espinoza and Frenkel. *Id.*

At bottom, Officers Espinoza and Frenkel have established that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law on Holmes' claims against them of excessive force against them. Holmes has not shown that Espinoza and Frenkel used any force against him, let alone excessive force in violation of the Constitution. The Court therefore GRANTS summary judgment in favor of Espinoza and Frenkel and against Holmes.

With all claims against all defendants dismissed, the Court will enter judgment and direct the Clerk of Court to close this case.

**IT IS SO ORDERED.**

Dated: November 12, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge